UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Essilor International (Compagnie Generale d'Optique) S.A.; and Essilor Of America, Inc.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>Indizen Optical Technologies S.L.; Indizen Optical Technologies of America, LLC; Younger Manufacturing Co. d/b/a Younger Optics; Vision Service Plan; VSP Labs, Inc.; and VSP Optical Group, Inc.,<br><br>        Defendants. | Case No.: 4:13-cv-99<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

This is a patent infringement action brought before this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) in which Plaintiffs, Essilor International (Compagnie Generale d'Optique) S.A. and Essilor of America, Inc., for their complaint against defendants Indizen Optical Technologies S.L., Indizen Optical Technologies of America, LLC, Younger Manufacturing Co. d/b/a/ Younger Optics, Vision Service Plan, VSP Labs, Inc., and VSP Optical Group, Inc. (collectively, "Defendants"), allege as follows:

## INTRODUCTION

1.      This is an action for infringement of Essilor International (Compagnie
Generale d'Optique) S.A.'s ("Essilor International") U.S. Patent No.
6,149,271 ("the '271 Patent"), which is directed to progressive addition
lenses that provide far and near vision viewing areas.

## PARTIES

2.      Essilor International is a corporation formed under the laws of France, and
has a principal place of business at 147 Rue de Paris, 94220 Charenton Le
Pont, France.

3.      Essilor of America, Inc. ("Essilor of America," and together with Essilor
International, "Essilor") is a Delaware corporation, and has a principal place
of business at 13555 N. Stemmons Freeway, Dallas, Texas 75234.

4.      Upon information and belief, Indizen Optical Technologies, S.L. ("Indizen
Spain") is a corporation formed under the laws of Spain, and has a principal
place of business at C/ Santa Engracia, 151 1°oficina 1, 28003, Madrid,
Spain.

5.      Upon information and belief, Indizen Optical Technologies of America, LLC
("Indizen U.S.," and collectively with Indizen Spain, "Indizen") is a Florida

corporation, and has a principal place of business at 21550 Oxnard Street, Suite 550, Woodland Hills, California 91367.

6.      Upon information and belief, Younger Manufacturing Co., d/b/a/ Younger Optics ("Younger Optics"), is a California corporation, and has a principal place of business at 2925 California Street, Torrance, California 90503.

7.      Upon information and belief, Vision Service Plan ("VSP"), is a California corporation, and has a principal place of business at 3333 Quality Drive, Rancho Cordova, California 95670.

8.      Upon information and belief, VSP Labs, Inc. ("VSP Labs"), is a Delaware corporation, and has principal places of business at 3333 Quality Drive, Rancho Cordova, California 95670 and 440 E. Vista Ridge Mall Drive, Lewisville, Texas 75067.

9.      Upon information and belief, VSP Optical Group, Inc. ("VSP Optical"), is a Delaware corporation, and has a principal place of business at 3333 Quality Drive, Rancho Cordova, California 95670.

## JURISDICTION AND VENUE

10.  Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a), in

that this action arises under the patent laws of the United States, 35 U.S.C.

§ 1, *et seq.*

11.  Upon information and belief, this Court has personal jurisdiction over all of

the defendants for at least the following reasons: (i) each defendant has

committed acts of patent infringement and/or induced or contributed to acts

of patent infringement by others in this District and elsewhere in Texas and

the United States; and/or (ii) each defendant has purposefully established

substantial, systematic and continuous contacts with this District and expects

or should reasonably expect to be haled into court here.  Thus, this Court's

exercise of jurisdiction over the defendants will not offend traditional

notions of fair play and substantial justice.

12.  Upon information and belief, venue lies in this Court pursuant to 28 U.S.C.

§§ 1391(b)-(c) and 1400(b) because each defendant has committed acts of

infringement in this District, a substantial part of the events or omissions

giving rise to the claims in this Complaint occurred in this District, infringing

lenses are being manufactured by VSP Labs at its facility, doing business as,

VSPOne Dallas at 440 E. Vista Ridge Mall Drive, Lewisville, Texas 75067, and/or each defendant is subject to personal jurisdiction in this District.

13.    Defendants' infringement of Essilor International's '271 Patent arose out of the same transactions and occurrences relating to the making, using, offering for sale, and selling of the same infringing eyeglass lenses, and questions of fact common to all defendants will arise in this action.

## FACTUAL BACKGROUND

14.    Essilor manufactures and sells eyeglass lenses that conform to an individual patient's prescription, and has developed many new and innovative lens designs and software for implementing same.

15.    Upon information and belief, VSP is an eye care network that provides optometry services, including eyeglasses and eyeglass lenses, to patients throughout the United States, and VSP's eye care network includes entities ("Eye Care Professionals") that prescribe and/or sell finished lenses at retail to patients.

16.    Upon information and belief, when patients order eyeglass lenses through VSP or an Eye Care Professional in the VSP network, VSP forwards the eyeglass prescriptions to laboratories ("Laboratories"), including

Laboratories owned by VSP Labs, that manufacture the eyeglass lenses in conformance with the patients' prescriptions, whereupon the eyeglass lenses are returned to VSP or the Eye Care Professional and then provided to the patients.

17.     Upon information and belief, Younger Optics provides semi-finished eyeglass lenses to Laboratories, including Laboratories owned by VSP Labs, that use those semi-finished lenses to produce finished eyeglass lenses.

18.     Upon information and belief, Younger Optics provides semi-finished eyeglass lenses to Laboratories that use these semi-finished lenses to produce finished lenses for VSP and/or Eye Care Professionals in the VSP network.

19.     Upon information and belief, Indizen provides to Laboratories in the United States lens design software, including IOT Futura® software, containing lens design files for producing finished lenses, and such Laboratories use Indizen's software to produce finished lenses that conform to a patient's prescription.

20.     Upon information and belief, the lens design files provided by Indizen are used by Laboratories to prepare finished lenses from the semi-finished

lenses provided by Younger Optics, and such finished lenses are then provided to VSP and/or Eye Care Professionals in the VSP network.

21. Upon information and belief, Younger Optics' semi-finished eyeglass lenses have one finished side having a progressive surface, and an unfinished side which does not have a progressive surface, and Laboratories that prepare progressive addition eyeglass lenses which infringe the '271 Patent, start with Younger Optics' semi-finished lenses, and then use Indizen's lens design files to finish the unfinished side such that the finished lens meets a patient's prescription, and because Younger Optics' semi-finished lenses have one progressive surface, they have no reasonable use except for making progressive addition lenses which are covered by the '271 Patent.

22. On January 23, 2013, Essilor sent the Indizen and Younger Optics Defendants letters giving notice of their infringement of Essilor International's '271 Patent, and on February 13, 2013, Essilor sent the VSP, VSP Labs, and VSP Optical Defendants a letter giving notice of their infringement of Essilor International's '271 Patent.

## COUNT I – DIRECT INFRINGEMENT OF ESSILOR INTERNATIONAL'S '271 PATENT BY VSP

23. Essilor incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

24.   Essilor International is the owner of the '271 Patent, a true and correct copy of which is attached hereto as Exhibit A.

25.   The '271 Patent claims progressive addition lenses and processes for making progressive addition lenses.

26.   Upon information and belief, VSP has made, used, offered for sale, and/or sold, and continues to make, use, offer for sale, and/or sell in Texas and elsewhere, progressive addition lenses, including VSP UNITY PLxpression lenses, that infringe one or more claims of the '271 Patent in violation of 35 U.S.C. § 271.

27.   Upon information and belief, the acts of infringement by VSP alleged herein were and are willful, intentional, and in conscious disregard of Essilor's rights under the '271 Patent.

28.   As a result of VSP's infringement of the '271 Patent, VSP has made and will continue to make unlawful gains and profits, and Essilor has been and will continue to be deprived of revenue that it would otherwise have generated but for such infringement.

29.   Essilor has been and will continue to be irreparably harmed by VSP's infringement of the '271 Patent.

30.    The extent of Essilor's damages cannot be determined except by an accounting.

## COUNT II – DIRECT INFRINGEMENT OF ESSILOR INTERNATIONAL'S '271 PATENT BY VSP LABS

31.    Essilor incorporates by reference paragraphs 1-30 of this Complaint as if fully set forth herein.

32.    Upon information and belief, VSP Labs has made, used, offered for sale, and/or sold, and continues to make, use, offer for sale, and/or sell in Texas and elsewhere, progressive addition lenses, including the VSP UNITY PLxpression lenses, that infringe one or more claims of the '271 Patent in violation of 35 U.S.C. § 271.

33.    Upon information and belief, the acts of infringement by VSP Labs alleged herein were and are willful, intentional, and in conscious disregard of Essilor's rights under the '271 Patent.

34.    As a result of VSP Labs' infringement of the '271 Patent, VSP Labs has made and will continue to make unlawful gains and profits, and Essilor has been and will continue to be deprived of revenue that it would otherwise have generated but for such infringement.

35.     Essilor has been and will continue to be irreparably harmed by VSP Labs'
        infringement of the '271 Patent.

36.     The extent of Essilor's damages cannot be determined except by an
        accounting.

## COUNT III – DIRECT INFRINGEMENT OF ESSILOR INTERNATIONAL'S '271 PATENT BY VSP OPTICAL

37.     Essilor incorporates by reference paragraphs 1-36 of this Complaint as if
        fully set forth herein.

38.     Upon information and belief, VSP Optical has made, used, offered for sale,
        and/or sold, and continues to make, use, offer for sale, and/or sell in Texas
        and elsewhere, progressive addition lenses, including the VSP UNITY
        PLxpression lenses, that infringe one or more claims of the '271 Patent in
        violation of 35 U.S.C. § 271.

39.     Upon information and belief, the acts of infringement by VSP Optical alleged
        herein were and are willful, intentional, and in conscious disregard of Essilor's
        rights under the '271 Patent.

40.     As a result of VSP Optical's infringement of the '271 Patent, VSP Optical has
        made and will continue to make unlawful gains and profits, and Essilor has

been and will continue to be deprived of revenue that it would otherwise have generated but for such infringement.

41.   Essilor has been and will continue to be irreparably harmed by VSP Optical's infringement of the '271 Patent.

42.   The extent of Essilor's damages cannot be determined except by an accounting.

### COUNT IV – INDUCEMENT OF INFRINGEMENT OF ESSILOR INTERNATIONAL'S '271 PATENT BY INDIZEN

43.   Essilor incorporates by reference paragraphs 1-42 of this Complaint as if fully set forth herein.

44.   Upon information and belief, Indizen Spain, acting alone or in conjunction with Indizen U.S., develops lens design software, including IOT Futura® software, for use in producing finished lenses that conform to a patient's prescription, and does so with the specific intent that such software will be used by Laboratories to produce finished lenses, including the VSP UNITY PLxpression lenses, that infringe the '271 Patent.

45.   Upon information and belief, Indizen U.S., acting alone or in conjunction with Indizen Spain, provides to Laboratories lens design software, including IOT Futura® software, for use in producing finished lenses that conform to a

patient's prescription, and does so with the specific intent that such lens design software will be used by those Laboratories to produce finished lenses, including the VSP UNITY PLxpression lenses, that infringe the '271 Patent.

46.    Upon information and belief, Indizen knew and knows that finished lenses produced by Laboratories using Indizen's lens design software infringe the '271 Patent.

47.    Upon information and belief, Indizen knew and knows that Laboratories using Indizen's lens design software provide the finished lenses to VSP and/or Eye Care Professionals in VSP's network, and Indizen, by word and/or deed, encourages those Laboratories to produce such infringing lenses.

48.    Upon information and belief, Indizen knew and knows that VSP and/or Eye Care Professionals in VSP's network infringe the '271 Patent by offering for sale and selling finished lenses made with the use of Indizen's lens design software.

49.    Upon information and belief, at all times that Indizen acted as aforesaid, it was aware of Essilor International's '271 Patent, and Indizen continues to so act despite awareness of Essilor International's '271 Patent.

50.     By developing lens design software that is used to infringe Essilor
        International's '271 Patent, by providing such software to Laboratories with
        specific knowledge that Laboratories are using said software to infringe
        Essilor International's '271 Patent, and by encouraging such Laboratories to
        produce such infringing lenses, Indizen has induced infringement of Essilor
        International's '271 Patent.

51.     Upon information and belief, the acts of infringement by Indizen alleged
        herein were and are willful, intentional, and in conscious disregard of Essilor's
        rights under the '271 Patent.

52.     As a result of Indizen's infringement of the claims of the '271 Patent, Indizen
        has made and will continue to make unlawful gains and profits, and Essilor has
        been and will continue to be deprived of revenue that it would otherwise have
        generated but for such infringement.

53.     Essilor has been and will continue to be irreparably harmed by Indizen's
        infringement of the '271 Patent.

54.     The extent of Essilor's damages cannot be determined except by an
        accounting.

## COUNT V – INDUCEMENT OF INFRINGEMENT OF ESSILOR INTERNATIONAL'S '271 PATENT BY YOUNGER OPTICS

55.   Essilor incorporates by reference paragraphs 1-54 of this Complaint as if fully set forth herein.

56.   Upon information and belief, Younger Optics provides semi-finished lenses to Laboratories which use those semi-finished lenses to produce finished lenses that conform to a patient's prescription, and does so with the specific intent that those Laboratories will use such semi-finished lenses to produce lenses that infringe the '271 Patent, including VSP UNITY PLxpression lenses.

57.   Upon information and belief, Younger Optics knew and knows that the Laboratories provide the finished lenses made from its semi-finished lenses to VSP and/or Eye Care Professionals in VSP's network.

58.   Upon information and belief, Younger Optics knew and knows that the Laboratories that use Younger Optics' semi-finished lenses to produce finished lenses infringe the '271 Patent by making said finished lenses, and Younger Optics, by word and/or deed, encourages those Laboratories to produce such infringing lenses.

59.   Upon information and belief, Younger Optics knew and knows that VSP and/or Eye Care Professionals in VSP's network infringe the '271 Patent by

offering for sale and selling finished lenses made from Younger Optics'
semi-finished lenses.

60.   Upon information and belief, at all times that Younger Optics acted as
aforesaid, it was aware of Essilor International's '271 Patent, and Younger
Optics continues to so act despite awareness of Essilor International's '271
Patent.

61.   By developing semi-finished lenses that are used to infringe Essilor
International's '271 Patent, by providing those semi-finished lenses to
Laboratories with specific knowledge that those Laboratories use those
semi-finished lenses to infringe Essilor International's '271 Patent, and by
encouraging such Laboratories to produce such infringing lenses, Younger
Optics has induced infringement of Essilor International's '271 Patent.

62.   Upon information and belief, the acts of infringement by Younger Optics
alleged herein were and are willful, intentional, and in conscious disregard of
Essilor's rights under the '271 Patent.

63.   As a result of Younger Optics' infringement of the claims of the '271 Patent,
Younger Optics has made and will continue to make unlawful gains and
profits, and Essilor has been and will continue to be deprived of revenue that it
would otherwise have generated but for such infringement.

64.   Essilor has been and will continue to be irreparably harmed by Younger

Optics' infringement of the '271 Patent.

65.   The extent of Essilor's damages cannot be determined except by an

accounting.

## COUNT VI – INDUCEMENT OF INFRINGEMENT OF ESSILOR INTERNATIONAL'S '271 PATENT BY VSP

66.   Essilor incorporates by reference paragraphs 1-65 of this Complaint as if

fully set forth herein.

67.   Upon information and belief, VSP has established a network of Eye Care

Professionals that sell finished lenses to patients, and VSP distributes

literature to such Eye Care Professionals advertising and promoting finished

lenses that infringe the '271 Patent, including the VSP UNITY PLxpression

lenses, with the specific intent to encourage Eye Care Professionals to offer

for sale and sell such finished lenses, including VSP UNITY PLxpression

lenses.

68.   Upon information and belief, VSP knew and knows that such finished

lenses, including VSP UNITY PLxpression lenses, infringe the '271 Patent.

69.     Upon information and belief, VSP knew and knows that its conduct as aforesaid encourages Eye Care Professionals in VSP's network to offer for sale and sell such infringing lenses.

70.     Upon information and belief, at all times that VSP acted as aforesaid, it was aware of Essilor International's '271 Patent, and VSP continues to so act despite awareness of Essilor International's '271 Patent.

71.     By advertising and promoting the offer for sale and sale of finished lenses that infringe Essilor International's '271 Patent with knowledge that Eye Care Professionals in VSP's network offer for sale and sell such infringing lenses, VSP has induced infringement of Essilor International's '271 Patent.

72.     Upon information and belief, the acts of infringement by VSP alleged herein were and are willful, intentional, and in conscious disregard of Essilor's rights under the '271 Patent.

73.     As a result of VSP's infringement of the claims of the '271 Patent, VSP has made and will continue to make unlawful gains and profits, and Essilor has been and will continue to be deprived of revenue that it would otherwise have generated but for such infringement.

74.     Essilor has been and will continue to be irreparably harmed by VSP's

        infringement of the '271 Patent.

75.     The extent of Essilor's damages cannot be determined except by an

        accounting.

**COUNT VII – INDUCEMENT OF INFRINGEMENT OF ESSILOR
INTERNATIONAL'S '271 PATENT BY VSP LABS**

76.     Essilor incorporates by reference paragraphs 1-75 of this Complaint as if

        fully set forth herein.

77.     Upon information and belief, VSP Labs advertises and promotes the sale by

        VSP and/or Eye Care Professionals in VSP's network of finished lenses that

        infringe the '271 Patent, including the VSP UNITY PLxpression lenses,

        with the specific intent that such lenses are offered for sale and/or sold to

        patients by VSP and/or said Eye Care Professionals.

78.     Upon information and belief, VSP Labs knew and knows that finished lenses

        made by VSP Labs and sold by VSP and/or said Eye Care Professionals

        infringe the '271 Patent.

79.     Upon information and belief, VSP Labs knew and knows that VSP Labs'

        advertisement and promotion of such finished lenses, by word and/or deed,

encourages VSP and/or said Eye Care Professionals to sell such infringing lenses.

80. Upon information and belief, VSP Labs knew and knows that VSP and/or said Eye Care Professionals infringe the '271 Patent by offering for sale and selling said infringing finished lenses, including VSP UNITY PLxpression lenses, promoted and advertised by VSP Labs.

81. Upon information and belief, at all times that VSP Labs acted as aforesaid, it was aware of Essilor International's '271 Patent, and VSP Labs continues to so act despite awareness of Essilor International's '271 Patent.

82. VSP Labs has induced infringement of Essilor International's '271 Patent by advertising and promoting the offer for sale and sale of finished lenses that infringe Essilor International's '271 Patent, by providing those infringing finished lenses to VSP and/or said Eye Care Professionals with specific knowledge that VSP and/or said Eye Care Professionals sell said infringing lenses, and by encouraging VSP and/or said Eye Care Professionals to sell such infringing lenses.

83. Upon information and belief, the acts of infringement by VSP Labs alleged herein were and are willful, intentional, and in conscious disregard of Essilor's rights under the '271 Patent.

84.   As a result of VSP Labs' infringement of the claims of the '271 Patent, VSP

Labs has made and will continue to make unlawful gains and profits, and

Essilor has been and will continue to be deprived of revenue that it would

otherwise have generated but for such infringement.

85.   Essilor has been and will continue to be irreparably harmed by VSP Labs'

infringement of the '271 Patent.

86.   The extent of Essilor's damages cannot be determined except by an

accounting.

**COUNT VIII – INDUCEMENT OF INFRINGEMENT OF ESSILOR
INTERNATIONAL'S '271 PATENT BY VSP OPTICAL**

87.   Essilor incorporates by reference paragraphs 1-86 of this Complaint as if

fully set forth herein.

88.   Upon information and belief, VSP Optical advertises and promotes the sale

by VSP and/or Eye Care Professionals in VSP's network of finished lenses

that infringe the '271 Patent, including the VSP UNITY PLxpression lenses,

with the specific intent that such lenses are offered for sale and/or sold to

patients by VSP and/or said Eye Care Professionals.

89.   Upon information and belief, VSP Optical controls and/or manages VSP

Labs and encourages VSP Labs' production of finished lenses that infringe

the '271 Patent, including the VSP UNITY PLxpression lenses, with the specific intent that such lenses are offered for sale and/or sold to patients by VSP and/or said Eye Care Professionals.

90.   Upon information and belief, VSP Optical knew and knows that finished lenses made by VSP Labs and sold by VSP and/or said Eye Care Professionals infringe the '271 Patent.

91.   Upon information and belief, VSP Optical knew and knows that VSP Optical's advertisement and promotion of such finished lenses, by word and/or deed, encourages VSP and/or said Eye Care Professionals to sell such infringing lenses.

92.   Upon information and belief, VSP Optical knew and knows that VSP and/or said Eye Care Professionals infringe the '271 Patent by offering for sale and selling said infringing finished lenses, including VSP UNITY PLxpression lenses, promoted and advertised by VSP Optical.

93.   Upon information and belief, VSP Optical knew and knows that VSP Optical's encouragement of VSP Labs' production of finished lenses, including VSP UNITY PLxpression lenses, by word and/or deed, results in VSP Labs making such infringing lenses.

94.     Upon information and belief, VSP Optical knew and knows that VSP Labs infringes the '271 Patent by making said infringing finished lenses, including VSP UNITY PLxpression lenses.

95.     Upon information and belief, at all times that VSP Optical acted as aforesaid, it was aware of Essilor International's '271 Patent, and VSP Optical continues to so act despite awareness of Essilor International's '271 Patent.

96.     VSP Optical has induced infringement of Essilor International's '271 Patent by advertising and promoting the offer for sale and sale of finished lenses that infringe Essilor International's '271 Patent, by providing those infringing finished lenses to VSP and/or said Eye Care Professionals with specific knowledge that VSP and/or said Eye Care Professionals offer for sale and sell said infringing lenses, and by encouraging VSP and/or said Eye Care Professionals to offer for sale and sell such infringing lenses.

97.     By encouraging VSP Labs to make such infringing lenses, including VSP UNITY PLxpression lenses, with specific knowledge that lenses made by VSP Labs are infringing the '271 Patent, VSP Optical has induced infringement of Essilor International's '271 Patent.

98.   Upon information and belief, the acts of infringement by VSP Optical alleged

      herein were and are willful, intentional, and in conscious disregard of Essilor's

      rights under the '271 Patent.

99.   As a result of VSP Optical's infringement of the claims of the '271 Patent,

      VSP Optical has made and will continue to make unlawful gains and profits,

      and Essilor has been and will continue to be deprived of revenue that it would

      otherwise have generated but for such infringement.

100.  Essilor has been and will continue to be irreparably harmed by VSP Optical's

      infringement of the '271 Patent.

101.  The extent of Essilor's damages cannot be determined except by an

      accounting.

**COUNT IX – CONTRIBUTORY INFRINGEMENT OF ESSILOR
INTERNATIONAL'S '271 PATENT BY INDIZEN**

102.  Essilor incorporates by reference paragraphs 1-101 of this Complaint as if

      fully set forth herein.

103.  Upon information and belief, lens design files which are included in

      Indizen's lens design software, including IOT Futura® software, and which

      are provided by Indizen to Laboratories to produce finished lenses, including

VSP UNITY PLxpression lenses, do not have any substantial non-infringing uses.

104. Upon information and belief, said Indizen lens design files constitute a material part of the process for making finished lenses manufactured by the Laboratories and provided to VSP and/or Eye Care Professionals in VSP's network.

105. Upon information and belief, at all times that Indizen acted as aforesaid, it was aware that its lens design files were especially made or especially adapted for use in an infringement of the '271 Patent, and that such lens design files were not a staple article or commodity of commerce suitable for substantial non-infringing use.

106. Upon information and belief, at all times that Indizen acted as aforesaid, it was aware of Essilor International's '271 Patent, and Indizen continues to so act despite awareness of Essilor International's '271 Patent.

107. Upon information and belief, the acts of infringement by Indizen alleged herein were and are willful, intentional, and in conscious disregard of Essilor's rights under the '271 Patent.

108.   As a result of Indizen's infringement of the claims of the '271 Patent, Indizen has made and will continue to make unlawful gains and profits, and Essilor has been and will continue to be deprived of revenue that it would otherwise have generated but for such infringement.

109.   Essilor has been and will continue to be irreparably harmed by Indizen's infringement of the '271 Patent.

110.   The extent of Essilor's damages cannot be determined except by an accounting.

## COUNT X – CONTRIBUTORY INFRINGEMENT OF ESSILOR INTERNATIONAL'S '271 PATENT BY YOUNGER OPTICS

111.   Essilor incorporates by reference paragraphs 1-110 of this Complaint as if fully set forth herein.

112.   Upon information and belief, the semi-finished lenses provided by Younger Optics to Laboratories to produce finished lenses, including the VSP UNITY PLxpression lenses, do not have any substantial non-infringing uses.

113.   Upon information and belief, the semi-finished lenses provided by Younger Optics to Laboratories constitute a material part of the finished lenses provided by the Laboratories to VSP and/or Eye Care Professionals in VSP's network.

114.   Upon information and belief, at all times that Younger Optics acted as aforesaid, it was aware that its semi-finished lenses were especially made or especially adapted for use in an infringement of the '271 Patent, and that such semi-finished lenses were not a staple article or commodity of commerce suitable for substantial non-infringing use.

115.   Upon information and belief, at all times that Younger Optics acted as aforesaid, it was aware of Essilor International's '271 Patent, and Younger Optics continues to so act despite awareness of Essilor International's '271 Patent.

116.   Upon information and belief, the acts of infringement by Younger Optics alleged herein were and are willful, intentional, and in conscious disregard of Essilor's rights under the '271 Patent.

117.   As a result of Younger Optics' infringement of the claims of the '271 Patent, Younger Optics has made and will continue to make unlawful gains and profits, and Essilor has been and will continue to be deprived of revenue that it would otherwise have generated but for such infringement.

118.   Essilor has been and will continue to be irreparably harmed by Younger Optics' infringement of the '271 Patent.

119.   The extent of Essilor's damages cannot be determined except by an

accounting.

## JURY DEMAND

Essilor demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Essilor prays for relief as follows:

A.   A judgment that VSP, VSP Labs, VSP Optical, Younger Optics, and

Indizen have infringed the '271 Patent in violation of 35 U.S.C. § 271;

B.   An order enjoining and restraining VSP, VSP Labs, VSP Optical,

Younger Optics, and Indizen, their officers, directors, agents, servants,

employees, affiliates, attorneys, and all others in active concert or

participation with VSP, VSP Labs, VSP Optical, Younger Optics,

and/or Indizen, from infringing the '271 Patent, pursuant to 35 U.S.C.

§ 283;

C.   An accounting of VSP's, VSP Labs', and VSP Optical's sales of

finished lenses that infringe the '271 Patent, Younger Optics' sales of

semi-finished eyeglass lenses used to make said finished lenses, and

Indizen's sales of lens design files used to make said finished lenses;

D.      A judgment awarding Essilor its damages, but not less than a

        reasonable royalty, resulting from VSP, VSP Labs, VSP Optical,

        Younger Optics, and Indizen's infringement of the '271 Patent,

        pursuant to 35 U.S.C. § 284;

E.      A judgment that VSP, VSP Labs, VSP Optical, Younger Optics, and

        Indizen's infringement of the '271 Patent has been and is in willful,

        knowing, and deliberate disregard of Essilor's patent rights, and

        awarding Essilor enhanced damages pursuant to 35 U.S.C. § 284;

F.      A judgment awarding Essilor its costs, disbursements, and attorneys'

        fees incurred in prosecuting this action pursuant to 35 U.S.C. §§ 284

        and/or 285;

G.      A judgment awarding Essilor pre- and post-judgment interest on any

        monetary award; and

H.      Such other relief as the Court may deem just, equitable, and proper.

Dated: February 22, 2013                    COZEN O'CONNOR


                                     By: /s/ Martin B. Pavane
                                         Martin B. Pavane (Lead Attorney)
                                         N.Y. State Bar Registration No.
                                         1528819
                                         Marilyn Neiman, seeking *pro hac vice*

admission
N.Y. State Bar Registration No. 1658012
Darren S. Mogil, seeking *pro hac vice* admission
N.Y. State Bar Registration No. 4021051
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
Phone: (212) 883-4900
Fax: (212) 986-0604
mpavane@cozen.com
mneiman@cozen.com
dmogil@cozen.com

and

Kendall Hayden
State Bar No. 24046197
1717 Main Street
Suite 3400
Dallas, TX 75201
Phone: (214) 462-3072
Fax: (214) 278-0329
khayden@cozen.com

Attorneys for Plaintiffs
ESSILOR INTERNATIONAL
(COMPAGNIE GENERALE
D'OPTIQUE) S.A. and ESSILOR OF
AMERICA, INC.